IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


RODERICK D. WILLIAMS,          :

    Plaintiff,               :

vs.                            :   CIVIL ACTION 05-00674-BH-B

JUDGE CALLIE V.S. GRANADE,     :
et al.,
                               :

    Defendants.


## REPORT AND RECOMMENDATION

Plaintiff, a federal prison inmate proceeding pro se and in forma pauperis, filed the instant Bivens action.[1]  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  After careful consideration, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii), because Plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.

---

[1]Even though Plaintiff filed his action on the Court's § 1983 complaint form, the Court is liberally construing his Complaint and treating it as a Bivens action.  A Bivens action, which is brought against federal actors, is the federal counterpart to a § 1983 action.  Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 392, 91 S.Ct. 1999, 2002 (1971).

I.  **Nature of Proceedings.**

   A.  **Complaint (Doc. 1) as Amended (Docs. 15 & 17).**

   Plaintiff's Complaint arises from his convictions in this Court for conspiracy with intent to distribute marijuana and for conspiracy with intent to distribute methamphetamine on April 28, 2005.  Each conviction resulted in an imprisonment sentence of 97 months, with a supervised release term of three years, which are to be served concurrently, and a $200 special assessment.[2]  Plaintiff names as Defendants Callie V.S. Granade, Chief District Judge of the United States District Court for the Southern District of Alabama; Deborah Griffin, Assistant United States Attorney for the Southern District of Alabama; Gregory Hughes, Plaintiff's appointed defense counsel; and Richard Horne, Plaintiff's appointed defense counsel.

   The gist of Plaintiff's Complaint is that although he was indicted on the two above charges and went to trial on the two charges, Judge Granade added two other charges to the verdict form and instructed the jury that they should consider these added charges.  Plaintiff contends this is a violation of his constitutional right to be tried only on indicted charges.

   _____

   [2]The Court takes judicial notice of its records in Plaintiff's criminal action, <u>United States of America v. Roderick D. Williams</u>, CR 04-0197-CG-C.  <u>ITT Rayonier, Inc. v. United States</u>, 651 F.2d 343, 345 n.2 (5th Cir. July 20, 1981).

Defendant Griffin is alleged to have been aware that the Judge Granade constructively "amended" the indictment and then attempted to cover it up.  Plaintiff then makes a conclusory allegation that Griffin engaged in misconduct and participated in the "amending" of the indictment.

Furthermore, Plaintiff contends that his trial counsel, Defendant Hughes, allowed the judge to constructively "amend" the indictment without offering an objection.  According to Plaintiff, Defendant Hughes advised him that the judge in a federal court may add a charge to the verdict form, even if it is greater than the charged offense.  Additionally, Plaintiff contends that Defendant Horne, who was hired after Plaintiff's trial and after Defendant Hughes, told Plaintiff that he received correct advice and discouraged him from appealing because he could receive a life sentence.  Plaintiff asserts that Defendant Horne shared this same information with Plaintiff's family and faxed to Plaintiff's wife and mother a copy of Plaintiff's pre-sentence report in an attempt to have them convince Plaintiff to change his mind.  Plaintiff further contends that "[t]he courts has (sic) also attempted to cover this violation by excluding these charges from [his] pre-sentence investigation report as well as docket report."

In his request for relief, Plaintiff seeks $40 million and immediate release and dismissal of all charges.  Plaintiff acknowledges that his convictions and sentences have not been

invalidated.

**B. Criminal Proceedings Against Plaintiff.**

The records of this Court reflect that on October 27, 2004, a superseding indictment was returned against Plaintiff for conspiracy with intent to distribute marijuana and for conspiracy with intent to distribute methamphetamine. (CR 04-0197-CG-C, Doc. 8). Defendant Hughes was appointed to represent Plaintiff on February 28, 2005, replacing prior counsel. (Doc. 55). Defendant Griffin prosecuted Plaintiff. See, e.g. Docs. 8, 70. Plaintiff was convicted of these charges on April 28, 2005 by a jury. Plaintiff's co-defendant, Jeffery Demon Jones, was charged with two additional counts, conspiracy with intent to distribute cocaine and drug money laundering. (Doc. 8). Jones, the co-defendant, pleaded guilty on December 16, 2004. (Doc. 28).

Prior to the commencement of Plaintiff's trial, Griffin, on behalf of the Government, filed the United States' Notice Re Uncharged Misconduct, Rule 16(a)(1)(E) Testimony, and Giglio Material (Doc. 70), wherein she advised that the United States planned to ask the Court to submit a special verdict to the jury for the purpose of determining the quantities of cocaine, ICE (pure methamphetamine), methamphetamine, and marijuana. Cocaine and ICE were included because Plaintiff was also allegedly selling these drugs during the time frame of the conduct giving rise to his indictments. (Id.). On April 28, 2005, Plaintiff was found guilty

4

by the jury of conspiring to possess with intent to distribute, 50 kilograms or more, but less than 100 kilograms, of marijuana and of conspiring to possess with intent to distribute, 50 grams or more, but less than 500 grams, of a mixture and a substance containing methamphetamine. (Doc. 86).   Because the jury found Plaintiff guilty of the foregoing indicted charges, it was asked to determine if Plaintiff also possessed with intent to distribute crystal meth/ICE and/or cocaine and, if so, to determine the amount.   The jury found that Plaintiff possessed 36 grams of crystal meth/ICE. (Id.).   The jury also found that Plaintiff did not possess with the intent to distribute cocaine.   (Id.).

On May 9, 2005, Defendant Hughes moved to withdraw from Plaintiff's case because Plaintiff was being represented by an Atlanta attorney. (Doc. 103).   Defendant Hughes' Motion was granted. (Doc. 104).   Shortly, thereafter, Defendant Horne appeared for Plaintiff as retained counsel. (Doc. 108).   On September 14, 2005, Plaintiff was sentenced. (Doc. 137).

Proceeding pro se, Plaintiff filed Notices of Appeal. (Docs. 138 - 140).   Shortly thereafter, Defendant Horne filed a Motion to Withdraw as Counsel for Plaintiff based on letters that he received from Plaintiff dismissing him. (Doc. 142).   Defendant's Horne's Motion was granted, and Plaintiff was appointed new counsel. (Docs. 143, 147 & 166).   A Certificate of Readiness concerning the record on appeal was entered by the District Court on October 31, 2005.

(Doc. 163).  Presently, Plaintiff's direct appeal is pending before the Eleventh Circuit Court of Appeals.

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B).[3]  Under § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, id., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S.Ct. at 1833.  A

---

[3]The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  Bilal, 251 F.3d at 1348-49.

complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957)); see Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

## III.  Discussion.

### A. Claims Against Judge Granade.

In this action, Plaintiff challenges his outstanding convictions and sentences.  A challenge to a conviction or sentence in a Bivens action comes within the purview of the decision in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994).[4]  See Abella v.

---

[4]The Court does not decide whether the present action would also be precluded by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), because Plaintiff's claims are recommended for dismissal for other reasons.  However, the Court notes that Heck held that a claim for damages in a § 1983 action that would have the effect of undermining an outstanding conviction or sentence if the Court were to rule favorably on the claim is prohibited until the conviction or sentence has been invalidated. Id. at 486-87, 114 S.Ct. at 2372-73 ("We hold that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by

Rubino, 63 F.3d 1063, 1065-66 & n.4 (11th Cir. 1995)(applying Heck to a Bivens action).  However, the Eleventh Circuit has indicated that absolute immunity is a threshold issue that should be decided "before dismissal on ripeness grounds under Heck."  Id. at 1065 n.3.

"[T]he immunities provided federal officials in Bivens actions are coextensive with those provided state officials in § 1983 actions." Bolin v. Story, 225 F.3d 1234, 1241 (11th Cir. 2000); accord Abella, 63 F.3d at 1065 (observing that pursuant to Butz v. Economou, 438 U.S. 478, 500, 98 S.Ct. 2894, 2907 (1978), a federal official enjoys the same immunity in a Bivens action that a similar state official has for an identical violation under § 1983); Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir. 1986) (finding that federal district and circuit judges were entitled to absolute judicial immunity); Patterson v. Aiken, 628 F. Supp. 1068, 1071 (N.D. Ga.) (granting federal judges absolute judicial immunity in

―――――――――――――――――

a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.").

In the event Plaintiff decides to continue his efforts to invalidate his conviction or sentence in a non-habeas action, he should be mindful of the rule from Heck.  This is so because Plaintiff will earn a "strike" for any action or appeal that is dismissed under § 1915(e)(2)(B) or § 1915A.  After the accumulation of three "strikes," Plaintiff will be required to pay the entire $350.00 filing fee at the time of filing of an action unless he can show that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

a _Bivens_ action), _aff'd_, 784 F.2d 403 (11th Cir. 1986); _Page v._
_Grady_, 788 F. Supp. 1207, 1208 (N.D. Ga. 1992) (granting a federal
district judge absolute immunity for signing a seizure warrant and
for conducting a trial on drug distribution charges).

In a _Bivens_ action, a judge is entitled to absolute judicial
immunity from damages for those acts taken while she was acting in
her judicial capacity unless she acted in the "'clear absence of
all jurisdiction.'" _Stump v. Sparkman_, 435 U.S. 349, 356-57, 98
S.Ct. 1099, 1104-05 (1978) (quoting _Bradley v. Fisher_, 80 U.S. 335,
13 Wall. 335, 351, 20 L.Ed. 646 (1871)); _Simmons v. Conger_, 86 F.3d
1080, 1084-85 (11th Cir. 1996) (same).  A judge is entitled to this
immunity even though her acts were in error, were malicious, or
were in excess of her jurisdiction. _Stump_, 435 U.S. at 356, 98
S.Ct. at 1104.  A federal judge's absolute immunity includes
immunity from claims for injunctive relief. _Bolin_, 225 F.3d at
1242.

It is clear that Plaintiff's contact with Judge Granade was in
her judicial capacity.  Plaintiff's criminal case was before Judge
Granade when she allegedly added two more charges to the verdict
form and instructed the jury that they should consider these two
additional charges.  Instructing the jury after having conducted a
criminal trial is a typical judicial function for Judge Granade to
have performed.  Thus, the first portion of the _Stump_ immunity
test, which requires that the judge be acting in her judicial

9

capacity, is satisfied. Simmons, 86 F.3d at 1085.

The second part of the Stump test inquires into whether Judge Granade acted in the "'clear absence of all jurisdiction.'" Simmons, 86 F.3d at 1085 (quoting Stump, 435 U.S. at 357, 98 S.Ct. at 1105). While Plaintiff asserts that "the defendants" did act "in complete absence of all jurisdiction", he does not provide any explanation or facts. (Doc. 15). Moreover, it is clear that "[t]he judicial power [of the United States] shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States and treaties. . . ." U.S. CONST. ART. III, § 2. Thus, the undersigned finds that when Judge Granade conducted Plaintiff's trial for violations of the criminal laws of the United States and sentenced Plaintiff, upon his conviction, for said violations, Judge Granade was acting within her jurisdiction. Although Plaintiff contends that an error was committed in "amending" the verdict form to include unindicted charges and that the matter should have been handled differently, an error by a judge in a ruling or in the handling of a case does not divest a judge of jurisdiction over an action before her. See Stump, 435 U.S. at 363-64, 98 S.Ct. at 1108-09 (holding that judicial immunity extends to judicial acts that may contain error). Because both prongs of the Stump test are satisfied, Judge Granade is entitled to absolute judicial immunity from Plaintiff's claims. Accordingly, the undersigned finds that Plaintiff's claims against

10

Judge Granade are frivolous as a matter of law, and thus recommends that they be dismissed. <u>Neitzke</u>, 490 U.S. at 327, 109 S.Ct. at 1833.

### B. Claims Against Assistant United States Attorney Griffin.

Plaintiff claims that Defendant Griffin, as the prosecutor, presented evidence to the grand jury to indict him, and was aware that Judge Granade constructively "amended" the indictment and attempted to cover it up. Plaintiff asserts in a conclusory fashion, without any supporting facts, that Defendant Griffin engaged in misconduct, participated in the constructive "amending" of his indictment, and executed an illegal conviction/sentence.

A prosecutor is entitled to absolute prosecutorial immunity from damages in a § 1983 action for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31, 96 S.Ct. 984 (1976); <u>Wahl v. McIver</u>, 773 F.2d 1169, 1173 (11th Cir. 1985); <u>Fullman v. Graddick</u>, 739 F.2d 553, 558-59 (11th Cir. 1984). This immunity is also available to a federal prosecutor in a <u>Bivens</u> action. <u>Bolin</u>, 225 F.3d at 1242; <u>Allen v. Thompson</u>, 815 F.2d 1433, 1434 (11th Cir. 1987).

Plaintiff has specifically alleged that he was indicted by Defendant Griffin. The other allegations against her are nebulous. That is, Plaintiff does not connect them to any specific facts in

his criminal case.  However, based on a review of the docket in his criminal case, the undersigned notes that Defendant Griffin did file a motion bringing to the Court's attention the allegation that Plaintiff was selling methamphetamine/ICE and cocaine at the same time he was engaged in the conduct that warranted the indictment. (Doc. 70).  Based at least in part on this information, it appears that the verdict form was "amended."   Notwithstanding this information obtained from the Court's record, the Court cannot address Plaintiff's other allegations directed to Defendant Griffin because they are unsupported by any facts.   Therefore, these unsupported allegations are subject to dismissal for failure to state a claim.  Fullman, 735 F.2d at 556-57 (holding that vague and conclusory allegations are subject to dismissal).

     In recognizing that the § 1983 statute provides no immunities, the Supreme Court looks to common law and the functions being performed to determine if the prosecutor is to be accorded absolute immunity for her actions.  Malley v. Briggs, 475 U.S. 335, 342, 106 S.Ct. 1092, 1096-97 (1986).  The act of seeking an indictment is the first step in the process of seeking a conviction.  Id. at 343, 106 S.Ct. at 1097.  To expose a prosecutor to liability at this initial phase could hinder her exercise of independent judgment at subsequent phases of the prosecution because this potential for liability would affect the later decisions she makes in the prosecution.  Id.  A prosecutor seeking an indictment is therefore

12

protected with absolute immunity in order not to "impair the performance of a central actor in the judicial process." Id.; accord Mastroianni v. Bowers, 173 F.3d 1363, 1366 (11th Cir. 1999) (holding that the prosecutor's potential for liability occurs before the commencement of the grand jury proceedings); cf. Burns v. Reed, 500 U.S. 478, 490 n.6, 111 S.Ct. 1934, 1941 n.6 (1991) ("There is widespread agreement among the Court of Appeals that prosecutors are absolutely immune from liability under § 1983 for their conduct before grand juries.").

Defendant Griffin's actions of obtaining a superseding indictment against Plaintiff and of bringing information to the Court's attention upon which the Court subsequently acts are clearly actions that are intimately associated with the judicial process. Thus, absolute prosecutorial immunity extends to cover Plaintiff's damages claims against Defendant Griffin. Tellier v. Petrillo, 133 F.3d 907, 1997 WL 829873, at **1 (2d Cir.) (unpublished) (prosecutors were entitled to absolute prosecutorial immunity when they obtained a superseding indictment because they were acting as advocates), cert. denied, 523 U.S. 1098 (1998). Accordingly, the undersigned finds that Plaintiff's damages claims against Defendant Griffin are frivolous as a matter of law, Neitzke, 490 U.S. at 327, 109 S.Ct. at 1833, and therefore recommends their dismissal.

**C. Claims Against Criminal Defense Counsel Hughes and Horne.**

13

Plaintiff claims that Defendant Hughes did not object to Judge Granade "amending" the verdict form and that Defendant Horne told Plaintiff that he had received correct advice and discouraged him from appealing because he could receive a life sentence. Defendant Horne shared this same information with Plaintiff's family, and faxed a copy of Plaintiff's pre-sentence report to Plaintiff's wife and mother in an attempt to have them encourage Plaintiff to change his mind.

In order to state a Bivens claim, the defendant must have acted under color of law. Bivens, 403 U.S. at 392, 91 S.Ct. at 2002. Cf. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981) (in order to state a claim under § 1983, a plaintiff must establish "the conduct complained of was committed by a person acting under color of state law"), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664 (1986). In a § 1983 action, court-appointed, criminal defense counsel does not act under color of state law in the absence of a conspiracy. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453 (1981). In Polk County, the Supreme Court reasoned that "[e]xcept for the source of payment, [the] relationship [between criminal defendant and appointed defense counsel is] identical to that existing between any other lawyer and client." Id. at 318, 102 S.Ct. at 449. The Polk County Court concluded that "[t]his [relationship] is essentially a private function, traditionally

filled by retained counsel, for which state office and authority are not needed." <u>Id.</u> at 319, 102 S.Ct. at 450 (footnote omitted). The Court determined that court-appointed, criminal defense counsel carried out the traditional functions of a lawyer representing a criminal defendant and therefore did not act under color of state law. <u>Id.</u> at 325, 102 S.Ct. at 453. Thus, the Court ruled that the § 1983 complaint must be dismissed against criminal defense counsel for lack of state action. <u>Id.</u>

Therefore, "[i]f a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding." <u>Cox v. Hellerstein</u>, 685 F.2d 1098, 1099 (9th Cir. 1982). "[A]ttorneys are not transformed into federal officials for purposes of a <u>Bivens</u> action merely because they are appointed by a federal court pursuant to federal law." <u>Christian v. Crawford,</u> 907 F.2d 808, 810 (8th Cir. 1990); <u>see</u> <u>Bryant v. Fienberg</u>, 2006 WL 2924744, at *2(E.D. Mich. Oct. 10, 2006) (unpublished) (holding a retained attorney in a federal criminal action does not under color of law in a <u>Bivens</u> action); <u>Slavin v. Curry</u>, 574 F.2d 1256, 1264 (5th Cir.) (holding that retained counsel does not act under color of state law in a § 1983 action), <u>overruled on other grounds by</u>

<u>Sparks v. Duval County Ranch Co.</u>, 604 F.2d 976 (5th Cir. 1979).[5]
In this action, Plaintiff has failed to demonstrate the required
under-color-of-law element for a <u>Bivens</u> claim against Defendants
Hughes and Horne.   <u>Bivens</u>, 403 U.S. at 389, 91 S.Ct. at 2001.
Accordingly, Plaintiff has failed to state a claim upon which
relief can be granted against them.   Furthermore, considering the
nature of his claims and of this action, the undersigned finds that
Plaintiff's claims against criminal defense counsel are frivolous,
and therefore recommends the dismissal of those claims.

**D.   Request for Release and Dismissal of Charges.**

In addition to damages, Plaintiff requests his immediate
release and dismissal of all charges.   These requests are in the
nature of habeas relief.   However, habeas relief is not available
in a <u>Bivens</u> action.   <u>Abella</u>, 63 F.3d at 1066 (a claim that
challenges a conviction or sentence and seeks an immediate or
speedier release is not cognizable in a <u>Bivens</u> action).   The
exclusive remedy for an inmate contesting the fact or duration of
confinement and seeking his immediate or speedier release is habeas
corpus.   <u>Id.</u>   Therefore, these requests for relief are frivolous.

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that
this action be dismissed with prejudice, prior to service of

---

[5]The Eleventh Circuit in <u>Bonner v. City of Prichard</u>, 661
F.2d 1206, 1209 (11th Cir. 1981) (<u>en banc</u>), adopted as binding
precedent the decisions of the former Fifth Circuit rendered
prior to October 1, 1981.

process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.

DONE this **9th** day of **August 2007.**

                                       **_/s/ SONJA F. BIVINS_**
                                     **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.